180 So. 637

## PLAUCHE v. STREATER INVESTMENT CORPORATION.

### No. 34710.

April 4, 1938.

S. W. Plauche, of Lake Charles, and Modisette & Adams, of Jennings, for appellant.

Clement M. Moss, of Lake Charles, for appellee.

HIGGINS, Justice.

Stephen E. Plauche, trustee of the bankrupt estate of Winfield S. Streater, with permission and authority of the bankruptcy court, instituted this action against the Streater Investment Corporation, claiming ownership and title to three pieces of real estate alleged to have been fraudulently transferred to the defendant, and to compel it to surrender and deliver possession thereof to the plaintiff to be administered as a part of the bankrupt's estate, claiming that he was entitled to that relief under our decision in the case of Alliance Trust Company, Ltd., v. Streater and Streater Investment Corporation et al., 182 La. 102, 161 So. 168, and by virtue of the bankruptcy law.

The defendant filed exceptions of no right and no cause of action, and a plea of res judicata, based upon the judgment of this court in Alliance Trust Company, Ltd., v. Streater and Streater Investment Corporation et al., 182 La. 102, 161 So. 168.

The parties entered into an agreed statement of facts, the pertinent stipulations of which may be summarized as follows:

The Streater Investment Corporation was organized on February 28, 1931. On March 3, 1931, Winfield S. Streater sold the property involved in this proceeding to the Streater Investment Corporation for $1,000 cash and $22,500 worth of stock in the corporation. Prior to the sale, mortgage loans on a part of the property had been negotiated by Streater, individually, with an innocent third party, who acted in good faith upon the public record. After the transfer, Streater Investment Corporation also negotiated mortgage loans on portions of the property with innocent third parties, who also acted in good faith upon the public record. The corporation used the proceeds of these loans in improving the properties. On April 20, 1934, or more than three years later, Streater was adjudged a bankrupt and surrendered all of his property, including the stock in the Streater Investment Corporation, which is still held by the trustee in bankruptcy.

The Alliance Trust Company, Limited, a judgment creditor of Winfield S. Streater, filed suit against him and the Streater Investment Corporation et al., on April 21, 1933, to set aside the sale by Streater to the Streater Investment Corporation, and a final judgment was rendered by this court on April 1, 1935, and a rehearing was denied on April 29, 1935. Alliance Trust Co., Ltd., v. Streater and Streater Investment Corp. et al., 182 La. 102, 161 So. 168. The trustee of the

bankrupt estate of Winfield S. Streater proceeded by rule in the bankruptcy court for an order requiring the Streater Investment Corporation to turn over to the trustee, as the owner of the properties it received in the deed of 1931, on the ground that by virtue of the adjudication in bankruptcy, the trustee, by our judgment and the operation of law, received the title to the property and was entitled to possession thereof and the right to administer it. The referee in bankruptcy interpreted the opinion of this court in Alliance Trust Co., Ltd., v. Streater and Streater Investment Corp. et al., supra, as a rejection of the revocatory action of the plaintiff and refused the trustee's application and dismissed the rule. The trustee then applied to the federal court of the Western district of Louisiana for a review of the referee's ruling, and the district judge placed the same construction upon our decision as the referee did, but finally held, in affirmation of the referee's opinion, that the plaintiff was not entitled to a summary proceeding, but must bring a plenary suit.

The trustee asked permission and authority of the federal court to file such a suit in the state courts, and the order to that effect was granted.

With the issues thus joined involving the interpretation of our decision in the above-referred to case and the pertinent part of the bankruptcy law, our learned brother below maintained both the exceptions of no right and no cause of action and the plea of res judicata. The plaintiff appealed.

In our opinion in the Alliance Trust Company v. Streater and Streater Investment Corporation et al., supra, we pointed out that the plaintiff sought a judgment against the defendant in solido for (a) a moneyed judgment; (b) a revocation of the act of sale by Winfield S. Streater to the Streater Investment Corporation, dated March 3, 1931, on the grounds of fraud; and (c) in the alternative, that it be allowed to seize and sell the property transferred by Streater to the Streater Investment Corporation, to satisfy the moneyed judgments it held against Winfield S. Streater, individually.

In the district court judgment was entered in favor of plaintiff for the amount of the money claimed, but in all other respects the plaintiff's demands were rejected, and it appealed.

(a) In this court that part of the judgment awarding money to the plaintiff was not contested, and the judgment to that extent was affirmed.

(b) The trial judge refused to set aside the mortgages executed by Streater individually and those made by the Streater Investment Corporation, because the holders of the mortgage notes were innocent third persons, who acted in good faith upon the public record. We also affirmed the judgment in that respect, which had the effect of dismissing the revocatory action asserted by the plaintiff.

(c) We annulled that part of the judgment of the lower court which rejected the plaintiff's third or alternative demand to be permitted to seize and sell the transferred

properties in satisfaction of its judgment, after reaching the conclusion that the Streater Investment Corporation was a Streater family affair, and, therefore, Streater in disguise.

It is apparent, from what we have pointed out with reference to our opinion in the above case, that the trustee in bankruptcy is not entitled to claim, as he does in his petition, title and possession of the real estate in question on the basis of our decision, because we rejected the plaintiff's revocatory action, thereby declining to place the property in the name of Winfield S. Streater, bankrupt, to the prejudice of innocent third persons. We definitely held that the plaintiff's rights as a judgment creditor, due to the fact that it delayed the recordation of its judgment in. the mortgage office until after the mortgages were placed of record by Streater and the Streater Investment Corporation, subordinated plaintiff's judicial mortgage to these conventional ones, since the notes were held by bona fide parties who acted and dealt upon the public records. As stated by the United States District Judge in his written opinion, we did not hold that the property should be returned to the name of Winfield S. Streater for the benefit of his creditors generally and to the prejudice of the mortgage creditors, but limited the plaintiff's recovery to the right to seize and sell the property transferred to the Streater Investment Corporation, subject to the intervening rights of the innocent mortgage creditors. Therefore, it is obvious that we did not take the title from the Streater Investment Corporation and place it in Winfield S. Streater. The

reason we could not do that was because the mortgage creditors of the Streater Corporation had superior rights to the plaintiff, and, consequently, if we placed the property in Streater's name, their security would be impaired, for they were not creditors of Winfield S. Streater, but creditors of the Streater Investment Corporation only.

It is said that under our judgment, with reference to the alternative or third demand, that the trustee became vested with the title of the property when Streater was adjudged a bankrupt, as appears from section 110(a) (5), title 11 U.S.C.A., section 70a(5) of the Bankruptcy Act, which reads as follows:

"§ 110. (a) The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, *shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was; adjudged a bankrupt,* * * *. to all * * * (5) property which *prior to the filing of the petition he* [bankrupt] *could by any means have transferred or which might have been levied upon and sold under judicial process against him* [bankrupt]." (Pg. 277) (Italics ours.)

The federal District Judge in his opinion stated that Streater did not have title to the properties in question, but that the title was in the name of the corporation, and, consequently, the mortgage creditors of the corporation could not make a claim against the bankrupt's estate, since they were not creditors of Streater individually. He further stated that to hold that the trustee had title

to the property and was entitled to its possession and administration thereof would place the mortgage creditors, who have been held by us to have superior rights to the plaintiff, in a position where their rights would be prejudiced and subordinated.

As we interpret the above-quoted section of the bankruptcy law with reference to leviability, it refers to property which the bankrupt had title to, or was entitled to, at the time of his adjudication in bankruptcy. The ownership of such assets pass to the trustee of his estate. Such was not the status of the titles of these properties or the interest rights of the bankrupt therein, since his rights, as well as plaintiff's rights, were subordinate to the rights of the mortgage creditors of the Streater Corporation. Surely, if a creditor had an in solido judgment against two or more defendants and one of them went into bankruptcy, it could not be successfully contended that the properties of the other defendants in solido were a part of the bankrupt's estate, vesting title thereto in the trustee of the bankrupt's estate, and subjecting same to his possession and administration. Yet, that is the effect of plaintiff's position because it asks the court to place the title to the Streater Investment Corporation's property in the trustee's name and grant him the possession and administration thereof, just because this property has been held by us to be subject to seizure and sale to satisfy plaintiff's judgment.

Counsel for the plaintiff argues that if. this conclusion is reached, he is without any remedy as a judgment creditor. Our learned brother below in his written opinion disposes of this fallacious idea in the following language:

"This Court must not be understood as holding under the jurisprudence in this case that the corporation is not liable for the debts of Streater, and that the property transferred by Streater to the Corporation cannot in a proper proceeding be subject to the payment of his debts.

"This Court, in fact, is of the opinion that, under the jurisprudence in this case, the corporation is liable for the debts of Streater which existed at the time he made this transfer of his property to the corporation to the extent of the value of the property transferred, and subject to the rights of third parties who have dealt with the corporation in good faith, and that in a proper proceeding this property may be seized in the hands of the corporation and sold, but such seizure and sale to be made subject to the rights of third parties who have dealt with the corporation in good faith. But this is not the relief sought in the present suit."

The exceptions of no right or cause of action were sustained on the interpretation of our opinion and the fact that the plaintiff's present petition does not allege that the properties sought as a part of the assets of the bankrupt's estate were owned by the bankrupt on April 20, 1934. The facts show that these properties had been sold three years previously for a valuable consideration, and thereafter became subject to the superior rights of innocent third parties.

The view we have already expressed with reference to the proper construction of our opinion shows that the plea of res judicata was correctly sustained.

For the reasons assigned, the judgment appealed from is affirmed at appellant's costs.

O'NIELL, C. J., does not take part.

LAND, J., absent.